# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SERGEY VLADIMIR AIZEN,<br><br>　　　　　　　Defendant. | Case No.: 16cr1836-LAB-1 and 17cv2330-LAB<br><br>**ORDER GRANTING LEAVE TO AMEND PETITION** |

Petitioner Sergey Vladimir Aizen pled guilty to importation of cocaine pursuant to a plea agreement. He was sentenced to 46 months' imprisonment followed by three years' supervised release. He filed an untimely notice of appeal, which was dismissed. The order dismissing his appeal noted that he was not foreclosed from filing a motion under 28 U.S.C. § 2255 bringing ineffective assistance of counsel claims. He then filed a § 2255 motion bringing six ineffective assistance of counsel claims, without explaining the factual basis for any of them.

Aizen identified six claims or issues:

1. General ineffective assistance of counsel.

2. His counsel failed to object to information on which his sentence was based.

///

3. His counsel failed to explain the risks and benefits of a plea offer.

4. His counsel failed to negotiate a plea bargain.

5. His counsel failed to review the presentence report prior to sentencing.

6. His counsel failed to protect his appellate rights.

The record shows that some of Aizen's claims are baseless. Aizen's attorney <u>did</u> negotiate a plea agreement, and Aizen signed it and initialed each page. (*See* Docket no. 17.) He certified that he had read it, and that his counsel had fully explained it to him. (*See id.* at 12:20–13:1.) The record also shows that Aizen understood the risks and benefits of pleading guilty pursuant to the plea agreement. (*See* Docket nos. 15, 19.)

Most of the remaining claims are merely conclusory, and by themselves do not support any claim for relief. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993). For example, Aizen has not alleged what information his attorney failed to object to, or what the grounds for any objections would have been.

To the extent Aizen has identified particular things his attorney failed to do, he has not shown that his counsel was incompetent for failing to do those things, or that he was prejudiced in any way by them. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984) (holding that a defendant bringing an ineffective assistance of counsel claim must show that his counsel's performance fell below an objective standard of reasonableness, and that it prejudiced him). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* test to guilty pleas based on alleged ineffective assistance of counsel). For example, he has not alleged facts showing that he had any meritorious basis for an appeal, that there was something in the presentence report his counsel should have seen and objected to, or that the sentence was based on any false or inaccurate information.

Aizen may, if he wishes, file an amended petition alleging additional facts in support of his claims, by **May 7, 2018**. His amended petition may omit claims, but it must not add any new claims. If he does not amend within the time permitted, the Court will rule on his unamended petition.

**IT IS SO ORDERED**.

Dated: April 16, 2018

_____
Hon. Larry Alan Burns
United States District Judge